**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| CUSTOM COURTS, INC., *et al.*,<br>Plaintiffs,<br>v.<br>CONNOR SPORT COURT INTERNATIONAL, LLC, *et al.*,<br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION**<br>Case No. 2:25-cv-1048-HCN<br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiffs move the court to reconsider Docket Number 176, its Memorandum Decision and Order Denying Docket Number 79, Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction Against Defendant Connor Sport Court International, LLC. The court denies Plaintiffs' motion.

In Docket Number 123, Defendant Connor Sport Court International, LLC's Memorandum in Opposition to Plaintiffs' Notice of Motion and Motion for Temporary Restraining Order and Preliminary Injunction, Connor Sport Court does not refer to the legal principle of anticipatory repudiation by name. But it clearly argues at page 19 of that memorandum (ECF page 22) that "the Terminated Plaintiffs repeatedly refused to meet on an individual basis with" Connor Sport Court even though "Schedule D" of their contracts required them to do so, that the Plaintiffs' counsel sent Connor Sport Court a letter "cancelling any upcoming meetings [it] may have scheduled with individual members of Sport Ventures, LLC," and that "[t]hereafter, the Terminated Plaintiffs repeatedly demanded CSCI meet with all Plaintiffs, then with a representative number of 4–5 of the Plaintiffs." The court thus concludes that Defendants clearly argued that Plaintiffs refused to perform this aspect of their contracts and stands by its ruling that Plaintiffs did not demonstrate to the contrary.

As the court's Memorandum Decision and Order made clear, "each Plaintiff ha[d] the burden to show its . . . clear and unequivocal right to . . . the extraordinary remedy" of preliminary relief. Dkt. No. 176 at 6 (cleaned up). And one element required to prevail on a claim for breach of contract is "substantial performance." *Id.* at 8. It follows that Plaintiffs' failure to respond to Defendants' argument that they cancelled all upcoming meetings with Connor Sport Court despite their contractual obligation to meet and instead insisted on a collective meeting doomed their ability to demonstrate a likelihood of success on the merits.

As for Plaintiffs' argument that only some Plaintiffs had meetings scheduled (or had then-existing obligations to schedule them), the court stands by its conclusion that the letter from Plaintiffs' purported collective counsel cancelling "*any* upcoming meetings [Connor Sport Court] may have scheduled with individual members of Sport Ventures, LLC," and demanding instead a collective meeting with "the full membership of Sport Ventures, LLC, together with counsel," *id*. at 8, evidently amounts to a collective anticipatory repudiation by *all* of the Plaintiffs of their individual contractual obligations to meet with Connor Sport Court, whether or not those obligations had yet arisen at the time counsel sent the letter. In all events, Plaintiffs cannot fairly be heard to complain that the court failed to differentiate between their individual contractual obligations given their choice to rely in their motion on the "general, lumped-together assertion that their contracts all support the extraordinary remedy they seek," Dkt. No. 176 at 6, rather than to attempt to establish each Plaintiff's entitlement to relief under its individual contract with Connor Sport Court.

Of course, the Memorandum Decision and Order resolves only Plaintiffs' request for interim relief, and nothing in it forecloses Plaintiffs from raising and developing in later stages of

the case the arguments they now make for the first time in response to the court's memorandum decision and order.

For the foregoing reasons, Docket Number 191, Plaintiffs' Motion to Reconsider Memorandum Decision and Order Denying Request for Preliminary Relief, is **DENIED**.

**IT IS SO ORDERED**.

Dated this 24th day of August, 2026.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge